IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Oct 13 2020
U.S. DISTRICT COURT
Northern District of WV

EARNEST KELOUGH and  
ANNA KELOUGH,

CASE NO.: **5:20-CV-223**

Plaintiffs,

JUDGE: **Bailey**

vs.

OLIM SULTONOV and  
BILOL TRANSPORTATION, INC.

Defendants.

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA:

Defendants, Olim Sultonov (hereinafter "Defendant Sultonov") and Bilol Transportation, Inc. (hereinafter "Defendant Bilol") (collectively "Defendants"), by and through their undersigned counsel, hereby give notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal to this Court of the action commenced against it in the Circuit Court of Ohio County, West Virginia, Case No. 20-C-190. In support of this removal, Defendants state as follows:

I.  **INITIAL PLEADINGS**

1. This action commenced on September 14, 2020, by filing a Complaint in the Circuit Court of Ohio County, West Virginia, styled *Earnest Kelough and Anna Kelough v. Olim Sultonov and Bilol Transportation, Inc.*, Case No. 20-C-190 (the "State Court Action").

2. The State Court Action does not yet appear to be served on Defendant Sultonov and was served on Bilol Transportation Inc. on or about September 23, 2020, by certified mail. In accordance with 28 U.S.C. § 1446(b), the Defendants timely file this Notice of Removal within thirty (30) days after receiving a copy of the Complaint.

3. Copies of all process, pleadings, and orders served upon Defendants are attached hereto as **EXHIBIT A** as required by 28 U.S.C. § 1446(a).

4. Defendants have not yet entered an appearance or filed any responsive pleadings or papers in response to Plaintiffs' Complaint in the state court action.

## II.   BASIS FOR REMOVAL

5. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §§ 1441(b) and 28 U.S.C. 1332(a) because the amount in controversy exceeds $75,000 and the Plaintiffs' are citizens of a state different from that of the Defendants.

6. <u>Plaintiffs' Are Citizens of Oklahoma</u>. Plaintiffs' assert in their Complaint that they reside at 10220 Stoneham Avenue, The Village, Oklahoma 73120. (See Plaintiffs' Complaint ¶ 1).

7. <u>Defendants Are Citizens of Pennsylvania</u>. Plaintiffs' Complaint correctly identifies that the Defendant Olim Sultonov, is an endowed individual who resides in Philadelphia, Pennsylvania. (See Plaintiffs' Complaint ¶ 2). Plaintiffs' Complaint also correctly identifies that the Defendant Bilol Transportation, Inc. has its principal place of business in Warminster, Pennsylvania. (See Plaintiffs' Complaint ¶ 3). Bilol Transportation, Inc. is a Pennsylvania corporation. (See print out of Pennsylvania Department of State attached **EXHIBIT B**).

8. <u>The Amount in Controversy Meets or Exceeds $75,000.00</u>. In their Complaint, the Plaintiffs' assert claim based on a motor-vehicle accident occurring on Interstate 70 between the Plaintiffs' 2019 Ford F-250 Super cab and a tractor trailer operated and/or owned by the Defendants. (See Plaintiffs' Complaint ¶ 8, 10, 12). They further described that the Defendants caused their trailer to "forcibly collide with and impact the right side of the Plaintiffs' vehicle" and go on to describe that "the forceful and violent impact caused…Plaintiff Kelough to be thrown in

and around his vehicle, directly and presently causing him to hit his head on the driver's side window." (See Plaintiffs' Complaint ¶ 16, 17). They further add that the "Plaintiff Kelough vehicle was forced off of the roadway and abruptly to come to an abrupt stop, all the while causing his body to be thrown violently inside his pickup truck." (See Plaintiffs' Complaint ¶ 18). Thus, the controversy encompasses a claim of a "violent" accident with a tractor trailer.

9.     In addition to the Complaint describing a serious and violent collision, the Complaint alleges extensive injuries to the Plaintiff. It states that the "Plaintiff Kelough sustained significant personal injuries to his low back, both legs, both knees, neck, head, shoulder, and…are considered to be substantial deformities/disfigurement and permanent physical function injuries." (emphasis added) (See Plaintiffs' Complaint ¶ 26). Plaintiff further contends that "Plaintiff Kelough is reasonably certain to continue to experience into the future, and potentially permanently, severe physical pain, mental and emotional anguish, annoyance, inconvenience and a diminishment in his ability to fully function, enjoy life and earn a living." (emphasis added) (See Plaintiffs' Complaint ¶ 40). And the Plaintiff reiterates that "Plaintiff Kelough is reasonably certain to incur a permanent and substantial physical deformity/disfigurement, a permanent physical function injury, future physical pain, future medical and emotional anguish, future annoyance, inconvenience and a diminishment and ability to fully function, enjoy life and earn a living." (See Plaintiffs' Complaint ¶ 41). Clearly the controversy involves claims of major personal injuries.[1]

10.    In addition, the Complaint alleges economic harm that includes not only incurring medical bills and loss wages, but also future medical bills and future loss wages. (See Plaintiffs'

---

[1] The Defendants have not yet seen medical records to further elaborate on these claims, but have been led to believe injuries include issues with three (3) discs, that epidermal injection(s) to the back to relieve pain from a herniated disc occurred, and nerve issues from narrowing to nerves on left side is being claimed.

Complaint ¶ 42, 43). Since the accident occurred on April 6, 2020, and the Complaint was filed in the middle of September 2020, presumably the Plaintiff, based on the face of the Complaint, has at least five (5) months of lost earnings and wages, continues to have them and has medical bills for treatment that is ongoing and continuing well past five (5) month post-accident.[2]

11. In addition to claiming permanent severe injuries, deformity and disfigurement, economic loss of medical bills, future medical expenses, lost wages, and future wages, a loss of consortium claim also exists for the wife Plaintiff (See Plaintiffs' Complaint ¶ 44).

12. Finally, in Plaintiffs' Complaint, in addition to seeking compensatory damages, the Plaintiff has alleged throughout the Complaint reckless conduct by the Defendants and seeks punitive damages. (See Plaintiffs' Complaint ¶ 22, 23, 25, 26, 28, 31, and the "Wherefore" Clause).

13. Thus, given the description of the accident by the Plaintiff, all the extensive and serious injuries being asserted, and numerous damages being claimed, the amount in controversy meets or exceeds $75,000.00.

### III. REMOVAL IS APPROPRIATE

14. Pursuant to 28 U.S.C. §§ 1332 and 1441, this removal is appropriate.

15. Pursuant to 28 U.S.C. §1446(a) and Local Rule of General Procedure 5.01(c), the Defendants have attached as **EXHIBIT C** a certified copy of the state court record.

16. Contemporaneous with the filing of this Notice, Defendants have given written notice to Plaintiffs' through their counsel, Scott S. Blass, Esq. and Christopher J. McCabe of Bordas & Bordas PLLC, and have also notified the Clerk for the Circuit Court of Ohio County,

---

[2] The Defendant has not received specifics and/or totals on the amount of medical bills, lost wages, etc. to further elaborate.

West Virginia, of the action's removal. *See* 28 U.S.C. § 1446(d). A copy of the Notice is attached hereto as **EXHIBIT D**.

17. Both Defendants, represented by the undersigned, consent to the removal of this action.

WHEREFORE, Defendants pray that this civil action be removed from the Circuit Court of Ohio County, West Virginia to the United States District Court for the Northern District of West Virginia, and that no further proceedings be held in the Circuit Court of Ohio County, West Virginia.

JURY TRIAL DEMANDED

        **OLIM SULTONOV and BILOL TRANSPORTATION, INC.**
        **By Counsel,**

        /s/ Robert C. James
        David S. Givens, Esquire (WV #6319)
        Robert C. James, Esquire (WV #7651)
        FLAHERTY SENSABAUGH BONASSO PLLC
        1225 Market Street
        P.O. Box 6545
        Wheeling, WV 26003
        (304) 230-6600
        (304) 230-6610 (Fax)
        dgivens@flahetylegal.com
        rjames@flahertylegal.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

EARNEST KELOUGH and  
ANNA KELOUGH,

      Plaintiffs,

vs.

OLIM SULTONOV and  
BILOL TRANSPORTATION, INC.

      Defendants.

CASE NO.: **5:20-CV-223**

JUDGE: **Bailey**

## CERTIFICATE OF SERVICE

Service of the foregoing **NOTICE OF REMOVAL** was had upon the parties herein by sending a true and correct copy thereof via regular U.S. Mail, postage prepaid, to the following counsel of record this 13th day of October, 2020:

    Scott S. Blass, Esquire  
    Christopher J. McCabe, Esquire  
    BORDAS & BORDAS, PLLC  
    1358 National Road  
    Wheeling, WV 26003  
    *Counsel for Plaintiffs*

/s/ Robert C. James  
David S. Givens, Esquire (WV #6319)  
Robert C. James, Esquire (WV #7651)  
FLAHERTY SENSABAUGH BONASSO PLLC  
1225 Market Street  
P.O. Box 6545  
Wheeling, WV 26003  
(304) 230-6600  
(304) 230-6610 (Fax)  
dgivens@flahetylegal.com  
rjames@flahertylegal.com  
*Counsel for Defendants*