# EXHIBIT A

## SUMMONS
### CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

EARNEST KELOUGH and
ANNA KELOUGH
    PLAINTIFF,

VS.                      CIVIL ACTION NO. 20-C-190
                              JUDGE: RONALD E. WILSON

OLIM SULTONOV
    DEFENDANT.

To the above named Defendant:

    IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby Summoned and required to serve upon SCOTT S. BLASS, ESQ. and CHRISTOPHER J. McCABE, ESQ. plaintiff's attorney, whose address is BORDAS & BORDAS, 1358 NATIONAL ROAD, WHEELING, WV, 26003 an answer including any related counterclaim you may have to the complaint filed against you in the above civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dated: September 14, 2020

BRENDA L MILLER
CLERK OF COURT

BY: *Becky Henry*
DEPUTY CLERK

*Please Serve:*
**BILOL TRANSPORTATION, INC.**
**360 HAWTHORNE STREET**
**WARMINSTER, PA 18974**

d:\corel\boiler\civsum.wpd

Plaintiff: Earnest Kelough and Anna Kelough , et al   Case Number: _____

vs.

Defendant: Olim Sultonov , et al

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

| Defendant Info | Service Info |
|---|---|
| Defendant's Name: Bilol Transportation, Inc. | Defendant's Phone: _____ |
| Street Address: 360 Hawthorne Street | Days to Answer: 20 |
| City, State, Zip Code: Warminster, Pennsylvania 18974 | Type of Service: Certified Mail |
| Defendant's Name: _____ | Defendant's Phone: _____ |
| Street Address: _____ | Days to Answer: _____ |
| City, State, Zip Code: _____ | Type of Service: _____ |
| Defendant's Name: _____ | Defendant's Phone: _____ |
| Street Address: _____ | Days to Answer: _____ |
| City, State, Zip Code: _____ | Type of Service: _____ |
| Defendant's Name: _____ | Defendant's Phone: _____ |
| Street Address: _____ | Days to Answer: _____ |
| City, State, Zip Code: _____ | Type of Service: _____ |
| Defendant's Name: _____ | Defendant's Phone: _____ |
| Street Address: _____ | Days to Answer: _____ |
| City, State, Zip Code: _____ | Type of Service: _____ |
| Defendant's Name: _____ | Defendant's Phone: _____ |
| Street Address: _____ | Days to Answer: _____ |
| City, State, Zip Code: _____ | Type of Service: _____ |
| Defendant's Name: _____ | Defendant's Phone: _____ |
| Street Address: _____ | Days to Answer: _____ |
| City, State, Zip Code: _____ | Type of Service: _____ |

SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page     Revision Date: 4/2020

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

EARNEST KELOUGH and
ANNA KELOUGH,

    Plaintiff

vs.

OLIM SULTONOV and
BILOL TRANSPORTATION, INC.

    Defendants.

Civil Case No. 20-C-190

Judge Wilson

## COMPLAINT

NOW COME the Plaintiffs, Earnest Kelough and Anna Kelough, by and through their attorneys, Christopher JB. McCabe, Esquire, Scott S. Blass, Esquire and the law firm of BORDAS & BORDAS, PLLC, and who for their Complaint against the Defendants, Olim Sultonov and Bilol Transportation, Inc., states as follows:

    1.    The Plaintiffs, Earnest Kelough (hereinafter "Plaintiff Kelough") and Anna Kelough (hereinafter "Plaintiff Wife"), at all times material and relevant hereto, were/are legally married and were adult individuals residing together at 10220 Stoneham Avenue, The Village, Oklahoma 73120.

    2.    Upon information and belief, Defendant, Olim Sultonov (hereinafter "Defendant Sultonov"), at all times material and relevant hereto, was an adult individual who resided at 2100 Tremont St. Apt. B-14, Philadelphia, Pennsylvania 19116.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

3. Upon information and belief, Defendant, Bilol Transportation, Inc. (hereinafter "Defendant Bilol"), at all times material and relevant hereto, was a business corporation organized and existing under the laws of the State of Pennsylvania, with a designated office, mailing, notice of process and/or principal place of business address of 360 Hawthorne Street, Warminster, Pennsylvania 18974.

4. At all times material and relevant hereto, Defendant Bilol acted by and through its actual, apparent, entrusted, authorized and/or ostensible agents, employees, contractors and/or servants, including, but not limited to, Defendant Sultonov"), and conducted business throughout the State of West Virginia, including but not limited to, Ohio County.

5. Defendant Sultonov at all times material and relevant hereto, was an actual, apparent, authorized, entrusted and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of Defendant Bilol, as described more fully throughout this Complaint.

6. Defendant Bilol at all times material and relevant hereto, was an Interstate Motor Carrier as defined by the Federal Motor Carrier Safety Regulations (FMCSR) and was required to comply with all applicable provisions/regulations provided for by the Federal Motor Carrier Safety Administration (FMCSA) and the FMCSR.

7. Defendant Sultonov at all times material and relevant hereto, was the permissive operator of a commercial motor vehicle ("tractor trailer") displaying Defendant Bilol's business name/placard and the company's federally issued USDOT (2969432) and MC (9260) Numbers.

2

8. The tractor trailer operated by Defendant Sultonov at all times material and relevant hereto, was owned by, registered to and acting under the direct control, authority and supervision of Defendant Bilol.

9. Defendant Bilol at all times material and relevant hereto, had exclusive possession and control over the conduct, actions, inactions, omissions and behavior of Defendant Sultonov while he was operated the aforementioned tractor trailer combination.

10. On or about April 6, 2020, Plaintiff Kelough was operating a 2019 Ford F-250 Supercab ("Plaintiff's vehicle") on Interstate 70 Westbound ("I-70") in Wheeling, Ohio County, West Virginia.

11. Plaintiff Kelough at all times material and relevant hereto, prudently, safely and lawfully operated his vehicle in the left-hand lane of I-70, in an area where the left and right travel lanes were separated by construction materials.

12. On the same date, time and location, Defendant Sultonov operated his tractor trailer in the right-hand lane of I-70 in an area where travel lanes were separated by construction materials.

13. At all times material and relevant hereto, Plaintiff Kelough and Defendant Sultonov, traveling in their established travel lanes, approached the end of the construction zone, in an area where the left-hand and right-hand lanes were no longer separated by construction materials.

14. At all times material and relevant hereto, construction signage was present that instructed motor vehicle operators to stay in their respective travel lanes.

15. Suddenly, and without warning, Defendant Sultonov ignored the signage to remain in his respective travel lane, merge from the right-hand lane, into the left-hand lane of I-70, where Plaintiff Kelough was already lawfully positioned.

16. Defendant Sultonov's negligent, careless and reckless driving actions and omissions directly and proximately caused the trailer of his mammoth commercial motor vehicle to forcefully collide with and impact the right-hand side of Plaintiff's Vehicle.

17. The forceful and violent impact caused by Defendant Sultonov's negligent, careless and reckless actions caused Plaintiff Kelough to be thrown in and around his vehicle, directly and proximately causing him to hit his head on the driver's side window.

18. At all times material and relevant hereto, Plaintiff Kelough vehicle was forced off the roadway and abruptly to come to an abrupt stop, all the while causing his body to be thrown violently around inside his pick-up truck.

19. Defendant Sultonov at all times material and relevant hereto, owed a duty of care to all vehicles/persons travelling in a westerly direction on I-70, to be aware of all events/circumstances occurring in front of, to the rear of and alongside his tractor trailer, and in doing so, continue to prudently, reasonably and safely operate his much larger commercial motor vehicle so as to not cause a sideswipe collision because of his negligent, careless and/or reckless driving actions and/or omissions.

20. Defendant Sultonov at all times material and relevant hereto, owed a duty of care to all vehicles/persons travelling in a westerly direction on I-70, to exercise due and reasonable care to maintain control of his tractor trailer at a safe and reasonable speed, to drive defensively, to keep his tractor trailer at a safe and appropriate distance from any vehicles traveling in front of, alongside and/or behind his, to not pass and/or change lanes when it was unsafe and/or unnecessary to do so, to allow enough space/clear distance when changing lanes so as to not cause a violent crash and to obey all applicable regulations, rules and laws governing the roadway.

21. Defendant Sultonov at all times material and relevant hereto, breached his duty of care to all vehicles/persons travelling in a westerly direction on I-70, specifically Plaintiff Kelough, when he negligently, carelessly and/or recklessly failed to be aware of all vehicles alongside his tractor trailer, when he negligently, carelessly and recklessly caused a preventable sideswiping collision, which directly and proximately resulted in Plaintiff Kelough becoming involved in a motor vehicle collision/incident, being run off the roadway and sustaining personal injuries and damages.

22. Defendant Sultonov at all times material and relevant hereto, breached his duty of care to all vehicles/persons travelling in a westerly direction on I-70, specifically Plaintiff Kelough, when he negligently, carelessly and/or recklessly failed to maintain control of his tractor trailer at a safe and reasonable speed, to drive defensively, to keep his tractor trailer at a safe and appropriate distance from any vehicles traveling alongside and behind his, to assure enough space/clear distance when changing lanes so as to not cause a violent sideswiping crash and to obey all

5

applicable regulations, rules and laws governing the roadway when he negligently, carelessly and recklessly caused a preventable collision, which directly and proximately resulted in Plaintiff Kelough becoming involved in a motor vehicle crash/incident, being run off the roadway and sustaining personal injuries and damages.

23. Defendant Sultonov at all times material and relevant hereto, breached his duty of care to all vehicles/persons traveling in a southerly direction on I-70, specifically Plaintiff Kelough, when he negligently, carelessly and/or recklessly failed to be cognizant of Plaintiff's vehicle, failed to maintain a proper lookout for vehicle's positioned alongside of his, encroaching into an area and/or space that Plaintiff's vehicle was already established, drove too fast for the existing traffic conditions, and directly and proximately caused a preventable collision where Plaintiff Kelough sustained personal injuries and damages.

24. Defendant Sultonov at all times material and relevant hereto, failed to maintain a proper lookout for vehicles positioned alongside his vehicle in the left-hand lane, including but not limited to the vehicle being operated by Plaintiff Kelough, which he crashed into, ran it off the roadway and caused Plaintiff Kelough to sustain personal injuries and damages.

25. Defendant Sultonov's negligent, careless and/or reckless driving actions and/or omissions were the direct and proximate cause of his much larger tractor trailer sideswiping Plaintiff Kelough's vehicle, running it off the roadway, which directly and proximately caused Plaintiff Kelough to suffer significant personal injuries and damages.

26. Defendant Sultonov's negligent, careless and/or reckless driving actions and/or omissions, directly and proximately resulted in Plaintiff Kelough sustaining significant personal injuries to his lower back, both legs, both knees, neck, head, shoulder, and other injuries not yet known to the Plaintiff, and are considered to be substantial deformity/disfigurement and permanent physical function injuries.

27. Plaintiff Kelough at all times material and relevant hereto, operated his vehicle in a safe and prudent manner, and in no way caused or contributed to the subject collision.

28. The injuries and damages suffered by Plaintiff Kelough are the direct and proximate result of Defendant Sultonov's negligence, carelessness and recklessness, in the following particulars:

a) Failing to keep a proper lookout for traffic and roadway conditions that existed in front of and alongside his tractor trailer;

b) Failing to have his tractor trailer under proper and adequate control;

c) Changing lanes on a public roadway when it was unsafe, unreasonable and/or illegal to do so;

d) Driving his tractor trailer at a speed that was too fast for the conditions that then and there existed;

e) Failing to yield to Plaintiff Kelough right of way;

f) Failing to pay attention and/or notice the location of Plaintiff Kelough's vehicle on the roadway when he moved from the right-hand lane into the left-hand lane;

g) Failing to employ and/or use defensive driving techniques/principles before directly and proximately causing the subject crash;

h) Failing to activate a turn signal to indicate to other drivers around him, including Plaintiff Kelough, that he was merging into the left-hand lane of travel;

i) Failing to stop and/or take any other evasive action to avoid the subject preventable crash;

j) Failing to properly apply the brakes on his tractor trailer;

k) Continuing to operate the subject tractor trailer in a direction towards Plaintiff Kelough vehicle when he saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a collision;

l) Disregarding the rights of the Plaintiff Kelough who had his vehicle positioned lawfully on the roadway;

m) Failing to drive defensively;

n) Causing a preventable collision;

o) Fleeing the scene of a collision after directly and proximately causing a motor vehicle collision;

p) Failing to keep a reasonable look-out for other vehicles lawfully on the roadway;

q) Operating a tractor trailer without being in reasonable control of the vehicle;

r) Operating a tractor trailer in a careless, reckless and negligent manner;

s) Operating his tractor trailer in willful or wanton disregard for the safety of persons and property, including, but not limited to Plaintiff Kelough;

t) Failing to comply with industry best practices and/or safety standards;

u) Failing to comply with West Virginia law in that he operated a tractor trailer without due regard for the rights, safety and position of other motorists, including Plaintiff Kelough;

v) Operating a tractor trailer while distracted and/or fatigued;

w) Operating a tractor trailer on limited sleep, while drowsy, fatigued and/or sleepy;

x) Failing to properly utilize his vehicle's mirrors to see down the sides and to the rear of his vehicle;

y) Failing to adjust and/or position his tractor's mirrors so he could perform a proper visual scan of the existing traffic and roadway conditions surrounding his vehicle;

z) Failing to adjust and/or position his tractor's mirrors to avoid larger than necessary blind spots;

aa) Ignoring signage in a construction zone;

bb) Failing to remain in his designated travel lane;

cc) Failing to employ and/or understand space management, specifically, managing to space surrounding his vehicle at all relevant times;

dd) Failing to adhere to Federal/State/Local Regulations and Laws when operating a commercial vehicle;

ee) Failing to conduct an appropriate pre-trip inspection;

ff) Failing to practice and/or understand, at a minimum, safety concepts as outline din the FMCSR and the Commercial Driving License Manual;

gg) Failing to adhere to all Defendant Bilol's internal policies and procedures concerning the safe and lawful operation of a tractor trailer combination;

hh) Failing to practice and/or understand the, at a minimum, safety standard concepts as outlined in the FMCSR and the Commercial Driving License Manual;

ii) Failing to recognize obvious hazards which should have anticipated and/or guarded against when operating a tractor trailer, specifically, being cognizant of vehicles in front of his tractor trailer;

jj) Driving in violation of the Hours of Service Requirements of the FMCSR;

kk) Failing to comply with industry best practices and/or safety standards;

ll) Operating his vehicle in willful or wanton disregard for the safety of persons or property;

mm) Operating a vehicle in a careless, reckless and/or negligent manner, in violation of West Virginia State Law;

nn) Violating applicable sections of the FMCSR, inasmuch as those sections provide the minimum, generally accepted standards of care in the trucking industry;

oo) Operating a tractor trailer in a manner that was likely to cause a collision, in violation of FMCSR § 396.7;

pp) Violating applicable sections of the FMCSR, inasmuch as those sections provide the minimum, generally accepted standards of care in the trucking industry;

9

qq) Operating a tractor trailer in violation of the laws, ordinances and regulations of the State of West Virginia, in violation of FMCSR § 392.2; and

rr) Failing to exercise due care generally.

29. Defendant Sultonov at all times material and relevant hereto was acting within the scope and course of his employment and/or agency relationship with Defendant Bilol. Consequently, Defendant Bilol is vicariously liable for all injuries and damages caused by Defendant Sultonov' negligent, careless and reckless driving actions and/or omissions leading up to and at the time of the subject collision pursuant to the doctrine of *respondeat superior*.

30. Defendant Bilol is fully liable for the acts of its respective actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, including, but not limited to, Defendant Sultonov, who was operating within the course and scope of his employment and/or agency relationship pursuant to the doctrine of joint venture, vicarious liability and/or actual or implied agency, or other common law or statutory theories of liability.

31. The injuries and damages suffered by Plaintiff Kelough were also the direct and proximate result of Defendant Bilol's own negligent, carless and reckless conduct, in the following particulars:

a) Failing to adequately monitor, control and/or supervise Defendant Sultonov, who was operating a tractor trailer on behalf of the Company;

b) Permitting Defendant Sultonov to operate a company motor vehicle without first undertaking adequate measures to ensure that he in fact possessed the requisite skills, ability, training, experience and/or was

    in fact capable of safely operating the vehicle in a lawful manner, so as not to harm others driving on the roadway;

c)  Permitting Defendant Sultonov to operate a tractor trailer without performing any inquiry, investigating and/or determining whether he was qualified to legally operate the commercial equipment on the day of the collision, in direct violation of Part 391 of the FMCSR, in the following particulars:

  i.  Failing to verify that by reason of experience, training or both that he could safely operate the commercial motor vehicle involved in the subject collision;

  ii.  Failing to verify that he was physically qualified to drive a commercial motor vehicle in accordance with subpart E- Physical Qualifications and Examinations of Part 391;

  iii.  Failing to verify that he in fact had a currently valid commercial motor vehicle operator's license issued only by one State or jurisdiction;

  iv.  Failing to verify that he had prepared and furnished a list of violations or a certificate required by 48 C.F.R. § 391.27;

  v.  Failing to verify that he was not disqualified to drive a commercial motor vehicle under the rules in 49 C.F.R. § 391.15;

  vi.  Failing to verify that he had successfully completed a driver's road test and had been issued a certificate of driver's road test in accordance with 49 C.F.R. § 391.31 or has presented an operator's license or a certificate of road test as equivalent road test in accordance with 49 C.F.R. § 391.33; and

  vii.  Failing to require that he undergo and/or obtain any proof that he possessed a valid medical certificate certifying that he was physically/medically qualified to operate the subject tractor trailer;

d)  Failing to ensure that Defendant Sultonov complied with applicable West Virginia law and/or FMCSR while operating a motor vehicle on behalf of the company;

e)  Permitting Defendant Sultonov to operate a company motor vehicle when it knew or had reason to know that his lack of training, experience and/or driving propensities would cause him to operate said vehicle in an unsafe and/or unlawful manner, thereby creating

11

unreasonable risk of harm to others on the road including, but not limited to the Plaintiff;

f) Failing to instruct and/or train its drivers, including Defendant Sultonov, in the safe, proper and prudent operation of a tractor trailer combination to include but not be limited to, the safety laws, rules and/or regulations provided in all applicable Commercial Drivers' manuals, the FMCSR and/or the traffic laws of West Virginia;

g) Failing to instruct and/or train its drivers, including Defendant Sultonov, how to maintain proper control of a commercial motor vehicle in areas where motor vehicles are instructed to remain in their travel lanes;

h) Failing to instruct and/or train its drivers, including Defendant Sultonov, regarding space management in, around and alongside a tractor trailer, so as to avoid collisions with others utilizing the roadway;

i) Failing to instruct and/or train its drivers, including Defendant Sultonov, regarding defensive driving techniques and/or the Smith Systems;

j) Failing to instruct and/or train its drivers, including Defendant Sultonov, regarding various approved techniques for commercial drivers to perform a visual search ahead and around their vehicle, so as to avoid collisions with others utilizing the roadway;

k) Failing to instruct and/or train its drivers, including Defendant Sultonov regarding proper collision avoidance maneuvers;

l) Failing to implement company procedures and/or policies directed toward its drivers, including Defendant Sultonov, concerning safe driving principles whenever operating a motor vehicle on behalf of the company;

m) Failing to develop polices and/or procedures directed to its drivers, including Defendant Sultonov, concerning the proper, safe and lawful operation of a motor vehicle to protect other drivers positioned around their vehicle;

n) Failing to instruct its drivers, including Defendant Sultonov, to not operate a motor vehicle while distracted;

o) Failing to intervene and/or prevent Defendant Sultonov from violating Federal, State and/or Local Rules, Laws and/or Regulations when it knew and/or should have known that he was unaware of and/or had the propensity to violate same;

p) Failing to properly train Defendant Sultonov;

12

q) Placing unreasonable expectations and time constraints on Defendant Sultonov, causing him to drive distracted, tired and/or fatigued;

r) Failing to know and/or comply with the FMCSR, as required by 49 C.F.R. § 390.3(e)(1);

s) Failing to instruct Defendant Sultonov on the requirements of the FMCSR, as required by 49 C.F.R. § 390.3(e)(2);

t) Failing to employ a competent and/or qualified safety director;

u) Failing to adequately staff a safety department;

v) Failing to conduct a post-crash drug and alcohol testing;

w) Violating Federal, State and Local Safety Regulations, including the FMCSR;

x) Failing to comply with industry best practices and/or safety standards

y) Failing to exercise due care generally; and

z) Failing to discharge its duty to meet minimum standards of safety for the public and persons like Plaintiff Kelough.

32. Defendants Sultonov and Bilol each owed a duty of care to Plaintiff Kelough to use reasonable care for his safety in all the particulars as pleaded throughout this Complaint.

33. The acts of Defendants Sultonov and Bilol as described throughout this Complaint exhibited a conscious disregard for the rights and safety of Plaintiff Kelough, and other individuals who were operating vehicles at and/or near the collision location, as their stated conduct had a great probability of causing substantial harm.

34. Defendants Sultonov and Bilol, individually and by and through their actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, breached their duties owed to Plaintiff Kelough, in all the particulars as pleaded throughout this Complaint.

40. As a direct and proximate result of the negligent, careless and/or reckless conduct of Defendants Sultonov and Bilol as described hereto, Plaintiff Kelough is reasonably certain to continue to experience into the future, and potentially permanently, severe physical pain, mental and emotional anguish, annoyance, inconvenience and a diminishment in his ability to fully function, enjoy life and earn a living.

41. As a direct and proximate result of the negligent, careless and/or reckless conduct of Defendants Sultonov and Bilol as described hereto, Plaintiff Kelough is reasonably certain to incur a permanent and substantial physical deformity/disfigurement, a permanent physical function injury, future physical pain, future mental and emotional anguish, future annoyance, inconvenience and a diminishment in his ability to fully function, enjoy life and earn a living.

42. As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of Defendants Sultonov and Bilol, Plaintiff Kelough has incurred medical bills and lost wages.

43. As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of Defendants Sultonov and Bilol, Plaintiff Kelough is reasonably certain to incur future medical bills and future lost wages.

44. As a direct and proximate result of the negligence of Defendants Sultonov and Bilol, as specifically described throughout this Complaint, Plaintiff Wife has suffered, and is reasonably certain to continue to suffer, a loss of the love, society, comfort, companionship and services of her husband, Plaintiff Kelough.

WHEREFORE, Plaintiffs, Earnest Kelough and Anna Kelough, respectfully pray that judgment be entered against the Defendants, Olim Sultonov and Bilol Transportation, Inc., jointly and severally, for compensatory damages, as well as punitive damages, and for pre-judgment and post-judgment interest, attorneys' fees and costs expended in this action, any other specific or general relief as may become apparent as this matter progresses, and other such relief as this Court deems proper.

### A JURY TRIAL IS DEMANDED ON ALL ISSUES.

Earnest Kelough and Anna Kelough,

Plaintiffs,

By: *(signature)*

SCOTT S. BLASS (#4628)
CHRISTOPHER J. McCABE (#13652)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
Fax: (304) 242-3936
Email: sblass@bordaslaw.com
cmccabe@bordaslaw.com
*Counsel for Plaintiffs*